EXHIBIT A

Electronically FILED by Superior Court of California, County of Riverside on 06/11/2026 05:27 PM
Case Number CVRI2603576 0000170747262 - Jason B. Galkin, Executive Officer/Clerk of the Court By Frank Garcia, Clerk

Lawrence W. Freiman, Esq. (SBN 288917)
lawrence@freimanlegal.com
FREIMAN LEGAL
100 Wilshire Blvd., Ste. 700
Santa Monica, CA 90401
Telephone: (310) 917-1004; Facsimile: (310) 300-2603
Counsel for Plaintiff, LEE A. WEISTON III

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| LEE A. WEISTON III, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>STERICYCLE, INC., a corporation;<br>WASTE MANAGEMENT, INC., a<br>corporation; and DOES 1 through 50,<br>inclusive,<br><br>        Defendants. | CASE NO.: CVRI2603576<br><br>**COMPLAINT FOR DAMAGES:**<br>**(1) DISABILITY DISCRIMINATION [GOV. CODE § 12940(a)];**<br>**(2) RACE AND COLOR DISCRIMINATION [GOV. CODE § 12940(a)];**<br>**(3) FAILURE TO PROVIDE REASONABLE ACCOMMODATION [GOV. CODE § 12940(m)];**<br>**(4) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS [GOV. CODE § 12940(n)];**<br>**(5) RETALIATION [GOV. CODE § 12940(h)];**<br>**(6) FAILURE TO PREVENT DISCRIMINATION AND RETALIATION [GOV. CODE § 12940(k)];**<br>**(7) VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT [GOV. CODE § 12945.2];**<br>**(8) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff LEE A. WEISTON III ("Plaintiff") hereby alleges against Defendants STERICYCLE, INC., WASTE MANAGEMENT, INC., and DOES 1 through 50, inclusive (collectively, "Defendants"), as follows:

**THE PARTIES**

1.    Plaintiff is, and at all relevant times was, an individual residing in the State of California. At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of the California Fair Employment and Housing Act, Government Code section 12900 et seq. ("FEHA"), and the California Family Rights Act, Government Code section 12945.2 ("CFRA"). Plaintiff is a Black man.

2.    Plaintiff is informed and believes, and thereon alleges, that Defendant STERICYCLE, INC. ("Stericycle") is, and at all relevant times was, a corporation organized and existing under the laws of a state other than California, with its principal place of business in Bannockburn, Illinois, and doing business in the County of Riverside, State of California. At all relevant times, Stericycle was Plaintiff's employer of record, issued Plaintiff's wage statements and Forms W-2, and employed Plaintiff at its facility in or near Eastvale, California, in the County of Riverside.

3.    Plaintiff is informed and believes, and thereon alleges, that Defendant WASTE MANAGEMENT, INC. ("WM") is, and at all relevant times was, a corporation organized and existing under the laws of a state other than California, with its principal place of business in Houston, Texas, and doing business in the State of California. Plaintiff is further informed and believes, and thereon alleges, that WM acquired Stericycle and that, during Plaintiff's employment and medical leave, WM directed and controlled the terms and conditions of Plaintiff's employment, including human resources functions, benefits administration, and the personnel decisions at issue in this action.

4.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times Stericycle and WM were the joint employers of Plaintiff, operated as an integrated enterprise with common ownership, common management, interrelated operations, and centralized control of labor relations, and that each was the agent, alter ego, and/or successor-in-interest of the other with respect to the conduct alleged herein.

5.    The true names and capacities of the Defendants sued herein as DOES 1 through 50, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff,

who therefore sues said Defendants by such fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged herein and that Plaintiff's damages were proximately caused by their conduct. Plaintiff will amend this Complaint to allege the true names and capacities of said Defendants when the same have been ascertained.

6.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times each Defendant was the agent, employee, servant, partner, joint venturer, and/or alter ego of each of the remaining Defendants and, in doing the things alleged herein, was acting within the course and scope of such agency or employment, with the knowledge, consent, authorization, and/or ratification of each of the remaining Defendants.

7.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times each of Defendants Stericycle and WM regularly employed five or more persons, and was therefore an "employer" within the meaning of Government Code sections 12926, subdivision (d), 12940, and 12945.2, subdivision (b)(4).

**JURISDICTION AND VENUE**

8.    This Court has jurisdiction over this action because the FEHA confers jurisdiction on the superior courts of the State of California pursuant to Government Code section 12965, and because the amount in controversy exceeds the jurisdictional minimum of this Court. This is an unlimited civil case.

9.    Venue is proper in the County of Riverside pursuant to Government Code section 12965, subdivision (c)(3), and Code of Civil Procedure sections 395 and 395.5, because the unlawful practices alleged herein were committed in the County of Riverside, where Plaintiff worked for Defendants, and because Plaintiff is informed and believes that records relevant to those practices are maintained and administered in the County of Riverside.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

10.    On or about April 29, 2026, Plaintiff timely filed a verified complaint of discrimination and retaliation with the California Civil Rights Department ("CRD"), CRD Matter

Number 202604-34827528, and received an immediate Notice of Case Closure and Right to Sue dated April 29, 2026, pursuant to Government Code section 12965.

11.     On or about June 11, 2026, Plaintiff filed an amended verified complaint with the CRD naming Stericycle, Inc. as an additional respondent and received an amended Notice of Case Closure and Right to Sue dated June 11, 2026. Plaintiff has therefore exhausted his administrative remedies, and this action is timely filed within one year of the right-to-sue notices.

## FACTUAL ALLEGATIONS

12.     Stericycle hired Plaintiff. Plaintiff most recently worked for Defendants as a dispatcher/transportation coordinator at Defendants' facility in or near Eastvale, California, in the County of Riverside, earning approximately $24.00 per hour plus benefits.

13.     At all relevant times, Plaintiff performed his job duties competently and in a manner that met or exceeded Defendants' legitimate expectations. Among other things, Plaintiff handled dispatch and routing, billing, customer calls, and emails, worked with supervisors across the operation, and trained numerous coworkers, including individuals who became his supervisors. Plaintiff received raises during his employment and was not subject to any meaningful discipline.

14.     Plaintiff was the only Black employee in his office.

15.     Despite his tenure, performance, and the fact that he trained other employees, Defendants repeatedly passed Plaintiff over for promotion. In or about 2024, Defendants denied Plaintiff a promotion and instead promoted a less experienced employee, who is not Black, whom Plaintiff had helped train.

16.     Plaintiff complained about this disparate treatment to his supervisor and to Defendants' Human Resources Business Partner, Cheryl Sanchez ("Sanchez"), among others. Plaintiff is informed and believes, and thereon alleges, that Defendants performed no investigation in response to Plaintiff's complaints and took no corrective action.

17.     In or about 2025, after Defendants failed to replace departing staff, Plaintiff's workload increased substantially. As a result of the sustained overload and the discriminatory treatment described above, Plaintiff developed anxiety, depression, and panic attacks, which

limited major life activities, including working and sleeping, and which constituted physical and/or mental disabilities within the meaning of Government Code section 12926. Plaintiff informed his supervisors of his conditions, including in writing.

18.    On or about October 16, 2025, Plaintiff's treating physician placed Plaintiff off work on medical leave because of his disabilities. Defendants approved the leave and designated it as an accommodation, and Sanchez thereafter corresponded with Plaintiff regarding what she described as his "ADA accommodation." The leave also qualified as protected family care and medical leave under the CFRA.

19.    In or about October 2025, Plaintiff submitted to Defendants fitness-for-duty documentation from his physician releasing Plaintiff to return to work effective on or about January 1, 2026.

20.    In or about mid-2025, Plaintiff, through no fault of his own, lost his housing and was forced to relocate to Redding, California, to house his family. Plaintiff requested that Defendants transfer or reassign him to one of Defendants' positions in or near the Redding area, as a reasonable accommodation that would facilitate his return to work. Plaintiff is informed and believes, and thereon alleges, that Defendants operate numerous facilities and had vacant positions for which Plaintiff was qualified.

21.    Rather than engage in any good faith effort to identify a position for Plaintiff, in or about July 2025 Sanchez told Plaintiff by email that she doubted Plaintiff would obtain a transfer because of his purported "performance," a disparagement contradicted by Plaintiff's record. Plaintiff is informed and believes, and thereon alleges, that Defendants never surveyed vacant positions, never offered Plaintiff any alternative position, and never engaged in a timely, good faith interactive process with him.

22.    On or about December 10, 2025, while Plaintiff remained on approved medical leave with a date-certain return to work of January 1, 2026, Defendants terminated Plaintiff's employment. Defendants never informed Plaintiff of the termination. Plaintiff discovered it only later, through records of the California Employment Development Department ("EDD"), which

reflect that Defendants reported Plaintiff's employment as terminated effective December 10, 2025.

23.    Remarkably, after Defendants had already terminated Plaintiff, Sanchez continued to correspond with Plaintiff as though his employment status remained open. On or about January 9, 2026, Sanchez emailed Plaintiff demanding "updated fitness-for-duty documentation" and asking his "current plans regarding employment (e.g., returning to work or resigning)," and stated that if Defendants did not hear back by January 15, 2026, they would "proceed based on the information currently available." On or about January 12, 2026, Sanchez told Plaintiff he was "welcome to apply to any open Stericycle or WM position upon your release to work," treating Plaintiff as a terminated applicant rather than returning him to his position or a comparable position.

24.    On or about January 12 and 13, 2026, Plaintiff protested in writing, telling Sanchez that she kept delaying the process and pointing out that her July email had prejudged his transfer request. Defendants never returned Plaintiff to work.

25.    Plaintiff is informed and believes, and thereon alleges, that Defendants thereafter falsely reported to the EDD that Plaintiff had been rehired on or about December 25, 2025, and had voluntarily quit in or about March 2026. Plaintiff was never rehired, never returned to work, and never resigned. Defendants terminated Plaintiff's group benefits effective March 31, 2026.

26.    Any reason Defendants have asserted or may assert for Plaintiff's termination is false and pretextual. Plaintiff's race, color, disabilities, requests for accommodation, use of protected medical leave, and complaints of discrimination were substantial motivating reasons for Defendants' conduct.

27.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in earnings and employment benefits, the repossession of his vehicle, and other consequential economic harm, together with humiliation, embarrassment, anxiety, depression, and severe emotional distress, all in an amount to be proven at trial.

## FIRST CAUSE OF ACTION

## DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA

## [GOV. CODE § 12940(a)]

### (Against All Defendants and DOES 1 through 50)

28. Plaintiff realleges and incorporates by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

29. At all relevant times, Plaintiff suffered from physical and/or mental disabilities within the meaning of Government Code section 12926, and/or was regarded by Defendants as suffering from such disabilities.

30. At all relevant times, Plaintiff was qualified for and able to perform the essential functions of his position, or of a vacant alternative position, with or without reasonable accommodation, including a finite medical leave with a date-certain return to work of January 1, 2026.

31. Defendants discriminated against Plaintiff because of his actual and/or perceived disabilities by, among other things, denying him accommodation and transfer, terminating his employment while he was on approved medical leave, refusing to return him to work, and falsely characterizing his separation, in violation of Government Code section 12940, subdivision (a).

32. Plaintiff's actual and/or perceived disabilities were substantial motivating reasons for Defendants' adverse employment actions.

33. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer economic damages, including lost earnings and benefits, and noneconomic damages, including emotional distress, in amounts to be proven at trial.

34. Defendants' conduct was malicious, oppressive, and/or fraudulent within the meaning of Civil Code section 3294, and was carried out, authorized, and/or ratified by officers, directors, and/or managing agents of Defendants. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendants and deter similar conduct.

35. Plaintiff is entitled to recover his reasonable attorney's fees and costs, including expert witness fees, pursuant to Government Code section 12965, subdivision (c)(6).

## SECOND CAUSE OF ACTION

### RACE AND COLOR DISCRIMINATION IN VIOLATION OF THE FEHA

### [GOV. CODE § 12940(a)]

### (Against All Defendants and DOES 1 through 50)

36.    Plaintiff realleges and incorporates by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

37.    Plaintiff is Black and is a member of protected classes on the basis of race and color under the FEHA.

38.    Defendants discriminated against Plaintiff because of his race and color by, among other things, denying him promotion in favor of less experienced employees outside his protected classes whom he had trained, subjecting him to different terms and conditions of employment than similarly situated employees outside his protected classes, disparaging his performance without basis, denying him transfer, and terminating his employment, in violation of Government Code section 12940, subdivision (a).

39.    Plaintiff's race and color were substantial motivating reasons for Defendants' adverse employment actions.

40.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer economic and noneconomic damages in amounts to be proven at trial.

41.    Defendants' conduct was malicious, oppressive, and/or fraudulent within the meaning of Civil Code section 3294, and was carried out, authorized, and/or ratified by officers, directors, and/or managing agents of Defendants. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendants and deter similar conduct.

42.    Plaintiff is entitled to recover his reasonable attorney's fees and costs, including expert witness fees, pursuant to Government Code section 12965, subdivision (c)(6).

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE REASONABLE ACCOMMODATION

### [GOV. CODE § 12940(m)]

### (Against All Defendants and DOES 1 through 50)

43. Plaintiff realleges and incorporates by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

44. At all relevant times, Defendants knew of Plaintiff's disabilities, including because Plaintiff informed his supervisors of his conditions, his physician placed him off work, and Defendants themselves designated his leave as a disability accommodation.

45. Reasonable accommodations existed that would have permitted Plaintiff to perform the essential functions of his position or of a vacant alternative position, including, without limitation, a finite medical leave through his January 1, 2026 release, reinstatement upon his release, and/or reassignment or transfer to a vacant position for which he was qualified.

46. Defendants failed and refused to provide reasonable accommodation, and instead terminated Plaintiff's employment while he was on approved medical leave and weeks before his date-certain return to work, in violation of Government Code section 12940, subdivision (m).

47. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer economic and noneconomic damages in amounts to be proven at trial.

48. Defendants' conduct was malicious, oppressive, and/or fraudulent within the meaning of Civil Code section 3294, and was carried out, authorized, and/or ratified by officers, directors, and/or managing agents of Defendants. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendants and deter similar conduct.

49. Plaintiff is entitled to recover his reasonable attorney's fees and costs, including expert witness fees, pursuant to Government Code section 12965, subdivision (c)(6).

**FOURTH CAUSE OF ACTION**

**FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**

**[GOV. CODE § 12940(n)]**

**(Against All Defendants and DOES 1 through 50)**

50. Plaintiff realleges and incorporates by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

9

51.    Plaintiff requested reasonable accommodation for his known disabilities, including medical leave, reinstatement upon his release to return to work, and transfer or reassignment to a vacant position.

52.    Defendants failed to engage in a timely, good faith interactive process with Plaintiff to determine effective reasonable accommodations. Among other things, Defendants prejudged and disparaged Plaintiff's transfer request, ignored his fitness-for-duty documentation, terminated his employment in the middle of the purported process without telling him, and continued a sham correspondence about his "plans" after they had already terminated him, in violation of Government Code section 12940, subdivision (n).

53.    Had Defendants engaged in a good faith interactive process, a reasonable accommodation was available, as alleged above.

54.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer economic and noneconomic damages in amounts to be proven at trial.

55.    Defendants' conduct was malicious, oppressive, and/or fraudulent within the meaning of Civil Code section 3294, and was carried out, authorized, and/or ratified by officers, directors, and/or managing agents of Defendants. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendants and deter similar conduct.

56.    Plaintiff is entitled to recover his reasonable attorney's fees and costs, including expert witness fees, pursuant to Government Code section 12965, subdivision (c)(6).

**FIFTH CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF THE FEHA**

**[GOV. CODE §§ 12940(h), 12940(m)(2)]**

**(Against All Defendants and DOES 1 through 50)**

57.    Plaintiff realleges and incorporates by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

58.    Plaintiff engaged in protected activities under the FEHA, including complaining to his supervisor and to Human Resources about race discrimination, requesting reasonable

accommodation for his disabilities, using approved medical leave, and protesting in writing Defendants' obstruction and delay of his accommodation and return to work.

59.     Defendants subjected Plaintiff to adverse employment actions because of his protected activities, including denying him promotion and transfer, disparaging his performance, terminating his employment, refusing to reinstate him, and falsely reporting the circumstances of his separation to the EDD, in violation of Government Code section 12940, subdivisions (h) and (m)(2).

60.     Plaintiff's protected activities were substantial motivating reasons for Defendants' adverse employment actions, as shown by, among other things, the close temporal proximity between Plaintiff's requests for accommodation and complaints and his termination.

61.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer economic and noneconomic damages in amounts to be proven at trial.

62.     Defendants' conduct was malicious, oppressive, and/or fraudulent within the meaning of Civil Code section 3294, and was carried out, authorized, and/or ratified by officers, directors, and/or managing agents of Defendants. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendants and deter similar conduct.

63.     Plaintiff is entitled to recover his reasonable attorney's fees and costs, including expert witness fees, pursuant to Government Code section 12965, subdivision (c)(6).

**SIXTH CAUSE OF ACTION**

**FAILURE TO PREVENT DISCRIMINATION AND RETALIATION**

**[GOV. CODE § 12940(k)]**

**(Against All Defendants and DOES 1 through 50)**

64.     Plaintiff realleges and incorporates by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

65.     At all relevant times, Defendants were required to take all reasonable steps necessary to prevent discrimination and retaliation from occurring in their workplace pursuant to Government Code section 12940, subdivision (k).

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

11

66. Defendants failed to take all reasonable steps necessary to prevent discrimination and retaliation, including by failing to investigate or remedy Plaintiff's complaints, failing to train and supervise the personnel responsible for accommodation and leave decisions, and permitting the discriminatory and retaliatory conduct alleged herein to occur and continue.

67. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer economic and noneconomic damages in amounts to be proven at trial.

68. Defendants' conduct was malicious, oppressive, and/or fraudulent within the meaning of Civil Code section 3294, and was carried out, authorized, and/or ratified by officers, directors, and/or managing agents of Defendants. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendants and deter similar conduct.

69. Plaintiff is entitled to recover his reasonable attorney's fees and costs, including expert witness fees, pursuant to Government Code section 12965, subdivision (c)(6).

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT

## [GOV. CODE § 12945.2]

## (Against All Defendants and DOES 1 through 50)

70. Plaintiff realleges and incorporates by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

71. At all relevant times, Plaintiff was eligible for family care and medical leave under the CFRA because he had more than 12 months of service with Defendants and at least 1,250 hours of service during the previous 12-month period, and Defendants employed five or more persons.

72. Plaintiff's anxiety, depression, and panic attacks constituted a serious health condition that made him unable to perform the functions of his position, and the medical leave that commenced on or about October 16, 2025 was protected CFRA leave. Plaintiff was entitled to reinstatement to the same or a comparable position upon the conclusion of his leave.

73. Defendants violated the CFRA by, among other things, terminating Plaintiff's employment on or about December 10, 2025, during his protected leave and before the expiration

of his 12-workweek entitlement, refusing to reinstate him upon his January 1, 2026 release, and retaliating against him for exercising his right to leave, in violation of Government Code section 12945.2, subdivisions (a), (k), and (q).

74. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer economic and noneconomic damages in amounts to be proven at trial.

75. Defendants' conduct was malicious, oppressive, and/or fraudulent within the meaning of Civil Code section 3294, and was carried out, authorized, and/or ratified by officers, directors, and/or managing agents of Defendants. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendants and deter similar conduct.

76. Plaintiff is entitled to recover his reasonable attorney's fees and costs, including expert witness fees, pursuant to Government Code section 12965, subdivision (c)(6).

## EIGHTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against All Defendants and DOES 1 through 50)

77. Plaintiff realleges and incorporates by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

78. At all relevant times, there existed fundamental, substantial, and well-established public policies of the State of California, embodied in, among other sources, the FEHA, Government Code sections 12920, 12921, 12940, and 12945.2, prohibiting employers from discriminating against employees on the basis of race, color, and disability, from retaliating against employees for engaging in protected activity, and from terminating employees for using protected medical leave.

79. Defendants terminated Plaintiff's employment in violation of these public policies, as alleged above.

80. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer economic and noneconomic damages in amounts to be proven at trial.

81. Defendants' conduct was malicious, oppressive, and/or fraudulent within the meaning of Civil Code section 3294, and was carried out, authorized, and/or ratified by officers,

directors, and/or managing agents of Defendants. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendants and deter similar conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

     1.    For general and special damages, including lost earnings, lost employment benefits, and other consequential economic damages, according to proof;

     2.    For noneconomic damages, including damages for emotional distress, humiliation, and mental suffering, according to proof;

     3.    For punitive and exemplary damages pursuant to Civil Code section 3294, according to proof;

     4.    For prejudgment and postjudgment interest as permitted by law, including pursuant to Civil Code sections 3287 and 3288;

     5.    For reasonable attorney's fees and costs of suit, including expert witness fees, pursuant to Government Code section 12965, subdivision (c)(6), and as otherwise permitted by law;

     6.    For costs of suit incurred herein; and

     7.    For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all causes of action and issues so triable.

DATED: June 11, 2026          FREIMAN LEGAL

By:                

          Lawrence W. Freiman, Esq.

          Counsel for Plaintiff,

          LEE A. WEISTON III

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

14